FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

04 MAY 21 AM 11: 42

CASE NO.: 6:03-cv-1830-Orl-22DAB

RAMON BADILLO, M.D.,

    Plaintiff,

vs.

HONORABLE JANET C. THORPE,
Circuit Court Judge, COURT ADMINISTRATOR
OFFICER, Circuit Court of the Ninth Judicial
Circuit in and for Orange County, Florida, and
STATE OF FLORIDA,

    Defendants.
_____/

## NOTICE OF UNITED STATES SUPREME COURT DECISION AND MOTION TO FILE SUPPLEMENTAL MEMORANDUM

COME NOW Defendants, HONORABLE JANET C. THORPE, Circuit Court Judge, COURT ADMINISTRATOR OFFICER, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and STATE OF FLORIDA, by and through their undersigned attorneys, and hereby give notice that the United States Supreme Court has decided *Tennessee v. Lane*, Case No.: 02-1667 and further move the Court for leave to

file a supplemental memorandum to brief the Court on how the decision may affect the Court's jurisdiction and Defendants' Motion to Dismiss currently pending before the Court. In support thereof, Defendants would state:

1. In its March 2, 2004 Order, this Court stated that federal courts were divided over the issue of whether Eleventh Amendment immunity applies to claims under Title II of the ADA and noted that this issue was presently before the Supreme Court of the United States, in *Tenneessee v. Lane*, 123 S.Ct. 2622 (2003) (granting *certiorari* in part to review *Lane v. Tennessee*, 315 F.3d 680 (6th Cir. 2003).

2. On May 17, 2004, the United States Supreme Court, in a narrow 5-4 decision in *Lane*, held that an individual could sue a State in federal court under Title II of the ADA for alleged denial of access to state courts. However, the Supreme Court's holding is confined to the narrow issue of access to state courts in the context of an ADA action.

3. In light of this ruling, Defendants request an opportunity to brief the Court on how the *Lane* decision may affect the arguments raised by Defendants in their Motion and Memorandum. For example, the Plaintiff in the instant case has asserted a cause of action under Section 1983. It would appear that the *Lane* decision would have no impact on a State's Eleventh Amendment immunity in the context of a Section 1983 action. Further, there

are issues of absolute judicial immunity, quasi-judicial immunity and qualified immunity which likely will not be impacted by *Lane*.

3. Defendants obviously could not address the impact of *Lane* prior to this time. All parties and the Court would be benefited by additional legal arguments on these issues prior to the Court ruling on the Motion to Dismiss or the parties incurring additional expense litigating the case.

WHEREFORE Defendants, HONORABLE JANET C. THORPE, Circuit Court Judge, COURT ADMINISTRATOR OFFICER, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and STATE OF FLORIDA, respectfully move the Court for leave to file an additional memorandum addressing these issues.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail Delivery to: RAMON BADILLO, M.D., 10918 Waterbury Court, Orlando, Florida 32821 this ___19th___ day of May, 2004.

ROBERT D. KEOUGH, ESQUIRE
Florida Bar No.: 321583
JOHN E. DuBOSE, JR., ESQUIRE
Florida Bar No.: 0752037
KEOUGH & DUBOSE, P.A.
514 East Colonial Drive
Post Office Box 1609
Orlando, Florida 32802-1609
(407) 849-5050