**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RAMON BADILLO,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:03-cv-1830-Orl-22DAB**

**JANET THORPE, Judge, Orange County
Circuit Court; COURT
ADMINISTRATOR OFFICER, Orange
County Circuit Court; and STATE OF
FLORIDA,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR TAXATION OF COSTS, INCLUDING ATTORNEY'S FEES (Doc. No. 75)**
>
> **FILED:**     May 13, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

    Defendant, Matthew Benefiel, Court Administrator of the Ninth Judicial Circuit, seeks an award of attorney's fees and costs, following the entry of summary judgment in his favor (Doc. No. 73). Plaintiff filed this lawsuit in December 2003, alleging violations of Title II of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973,

29 U.S.C. § 794; and his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution, all relating to a request for an accommodation made by Plaintiff to the Court Administrator regarding a state court hearing.

The Court found in the Administrator's favor, noting that no reasonable fact-finder could conclude that the Administrator acted in bad faith or with discriminatory intent in providing Plaintiff with the requested, but apparently incorrect, interpreter (Doc. No. 73). Defendant now seeks a total of $10,152.00 in attorneys fees (176.9 hours at an hourly rate of $80 per hour), plus $700.00 for the services of the mediator.[1] Defendant claims entitlement to these amounts based on his prevailing party status, pursuant to the ADA, the Rehabilitation Act, and 42 U.S.C. § 1988.

The Court ordered Plaintiff to file a response to the motion (Doc. No.80), and his response (Doc. No. 81) indicates that he is of limited means, and has appealed the underlying judgment. Although Plaintiff has appealed, the Court finds that this collateral matter is ripe and ready for review, and no purpose is served by awaiting the appellate decision on the merits.

Defendant's papers provide scant authority or analysis with respect to his claim for fees and costs, other than a brief mention that the ADA and Rehabilitation Act provides that "the prevailing party is entitled to recover its costs." The Court finds that statement to be too simplistic and, indeed, inaccurate. The Eleventh Circuit has adopted the familiar *Christianburg* standard for assessing attorney fees under the ADA. *See Bruce v. City of Gainesville, Georgia*, 177 F.3d 949 (11th Cir.1999). The *Christianburg* standard recognizes that a prevailing plaintiff should ordinarily be awarded attorney's fees, but a prevailing defendant should recover fees only "upon a finding that the

---

[1] The motion misstates the mediation costs. The Court takes the amount from the Invoice submitted by the mediator. A total of $1,400 was charged by the Mediator, with $700 of that amount billed to Defendant. (Doc. No. 75, Exhibit 2).

plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). *See also* 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost."); 42 U.S.C. § 12205 (stating that in "any action or administrative proceeding commenced [under the ADA], the court . . . in its discretion may allow the prevailing party . . . a reasonable attorney's fee.")

This district has noted that with respect to prevailing *defendants*, an award of attorney's fees is far from automatic:

> Whereas attorney's fees are presumptively appropriate in the case of a prevailing plaintiff, they are presumptively inappropriate when a defendant prevails. This differential treatment is justified in two ways. First, the rule ensures that civil rights plaintiffs, who typically have far fewer financial resources than civil rights defendants, have reasonable access to the courts. *Bruce*, 177 F.3d at 952. Second, contrary to a prevailing defendant, a prevailing plaintiff has actually vindicated a substantive statutory or constitutional right, and thus deserves full compensation from the tortfeasor. *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). A prevailing defendant, on the other hand, is entitled to attorney's fees only upon a determination as a matter of law that the underlying cause of action was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14-15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Christianburg*, 434 U.S. at 421.

*Cordoba v. Dillard's, Inc*, 2003 WL 21499011, 1 (M.D. Fla.).

In evaluating Defendant's claim for attorney's fees, the Court cannot say that Plaintiff's cause of action meets this exacting standard. Although the Court granted summary judgment in Defendant's favor, there was no finding that Plaintiff's action was frivolous or brought in bad faith,[2] and Defendant

---

[2] Indeed, the Court acknowledged Plaintiff's underlying complaint that he did not receive an infrared system accommodation in the state court case, characterized the situation as a "colossal mixup resulting from mis-communication between Dr. Badillo and the Court Administrator" and further stated that the "entire situation could have been rectified had Judge Thorpe merely delayed or continued the hearing until the infrared system could be arranged. . ." (Doc. No. 73 at 17-18). The Court also noted: "The Court cannot agree with the Court Administrator and find, as a matter of law, that Dr. Badillo completely understood the proceedings and was able to fairly and meaningfully participate in them."

presents no argument sufficient to support such a conclusion.  As such, an award of attorney's fees against this *pro se* litigant of limited means is not appropriate.

Defendant seeks an award of $700 for his share of the mediator fees, as costs.  These fees are not "costs," as set forth in 28 U.S.C. § 1920, and the Court sees no reason to tax Defendant's share to Plaintiff.

For the above reasons, the Court **respectfully recommends** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 2, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy